ANTONIO SANSONE, PLAINTIFF-RESPONDENT, v. DOMENICO SELVAGGI, DEFENDANT-APPELLANT.

Argued October 5, 1938—Decided November 12, 1938.

Before Justices TRENCHARD and PARKER.

For the appellant, *Louis C. Micone* (*Thomas Brunetto*, of counsel).

For the respondent, *Ehrenkranz & Ehrenkranz* (*Emanuel M. Ehrenkranz*, of counsel).

The opinion of the court was delivered by

PARKER, J. The gravamen of the plaintiff's claim was that although defendant had sold and delivered to him certain Italian postal savings books showing deposits totaling 75,000 lire, for $2,935 cash paid by plaintiff to defendant, nevertheless when plaintiff went to Italy to draw the money on the books he was unable to obtain it because defendant had stopped payment; and consequently plaintiff had to return without the money, at the cost of his transportation and living expenses, and loss of time. No claim was made for a return of the $2,935 paid, but the claim was confined to damages caused by the useless trip to Italy.

The evidence was very contradictory, even to the extent of a claim by defendant that the alleged contract and a supplemental paper were on sheets of paper that defendant had signed in blank; and a claim that the savings books had been stolen by plaintiff from the defendant's trunk which plaintiff had broken open. The trial judge, sitting without jury, dealt

with the questions of fact. He held that the contract, though dated on January 16th, 1938 (a Sunday) had not in fact been executed on that day; and that there had been a *bona fide* sale and delivery of the books, and payment of the cash for the same; that defendant had stopped payment on them, and that plaintiff consequently made his journey for nothing. The court found that plaintiff had sustained damages of over $500 and gave judgment for that sum, the excess being waived as allowed by law. It was objected that the court was without jurisdiction because the claim in the state of demand was for $500 and interest; but this was sufficiently disposed of at the trial by the filing of an amended state of demand omitting any claim for interest over and above the $500 limit.

There are twenty specifications of alleged error but they are not all argued, and we confine ourselves to the points made in appellant's brief.

The first point is that the trial court was without jurisdiction because the state of demand asked for a judgment of $500 "together with interest and costs of suit." This has just been considered, and overruled.

The second point is that "the theory·upon which the court awarded its decision is untenable in point of fact, as it is contrary to the greater weight of the evidence." But it is elementary that in a District Court appeal this court never goes farther than to ascertain whether or not there is some evidence to sustain a finding of fact in the District Court. If there be such evidence anywhere in the case, the finding of fact will not be disturbed. *Williams* v. *Connolly Co.*, 74 *N. J. L.* 105. This point is presented in four subdivisions, but as to each of them there was a disputed question of fact which was determined by the trial court on evidence supporting his finding. Under the fourth subdivision it is argued that the "bank books" showing the deposits in the Italian post office were not produced, and that it was error to receive parol evidence of their contents. A sufficient answer to this is the evidence that the books had been impounded in Italy because defendant had stopped payment on them; so that

secondary evidence was admissible as to their contents. *Wigm. Ev.,* § 1213; see *Hirsch* v. *Lumber Co.,* 69 *N. J. L.* 509, 516.

The third point as presented in the brief reads that "the theory upon which the court rendered its decision is untenable in point of law." But the question that we are concerned with is whether the decision was right, not whether the reasons assigned for it were proper reasons. *Meisel* v. *Merchants National Bank,* 85 *N. J. L.* 253. It is intimated in the brief, that there was a "changing of the action from one of contract to one in tort, after both sides had rested their case." Just how this was done is not pointed out, and we do not observe it. The suit was for consequential damages to which plaintiff was subjected because defendant unlawfully prevented plaintiff from realizing on property sold to him by defendant. Whether the action was tort or contract is immaterial under the practice set up by statute in 1912 and followed in all civil actions at law in this state.

Finally, error is alleged in that the trial court excluded evidence as to defendant's deposit account with his bank. This was offered on the theory that defendant was in the habit of depositing money received by him; that the bank account did not show deposit of the moneys claimed by plaintiff to have been paid to defendant; *ergo,* that no such moneys were paid. It is sufficient to say as to this point, that the specification of determinations is in general terms on this phase of the matter, and should not be considered. *Chesansky* v. *Merchants Insurance Co.,* 102 *N. J. L.* 414.

We find no error properly presented, and the judgment under review is therefore affirmed.